UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LARRY COLSTON,**

    Petitioner,

v.                                       Case No. 3:12cv298/MCR/CJK

**MICHAEL D. CREWS,**

    Respondent.
_____/

## ORDER

    This case is before the Court on the Magistrate Judge's Report and Recommendation dated September 30, 2014 (doc. 29). The Petitioner has been furnished a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner objects on grounds that the Magistrate Judge relied on "new rules of law" that were announced subsequent to the date of the state court's mandate. The Court has made a de novo determination of the timely filed objections (doc. 30).

    Section 2254(d)(1) states that an application for a writ of habeas corpus shall not be granted as to any claim that was adjudicated on the merits in state court unless it resulted in a decision that was contrary to clearly established law or was an unreasonable application of clearly established law as determined by the Supreme Court, and "clearly established law" refers to Supreme Court holdings "as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In this case, when considering Petitioner's Ground One and Ground Two ineffective assistance claims, the Magistrate Judge applied the long-established two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), and determined that the state court's rejection of Petitioner's claims was based on a reasonable application of *Strickland.* Although citing *Lafler v. Cooper*, 132

S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), which were decided after the relevant state court decision was final, the Magistrate Judge did not apply new rules of law to deny Petitioner's claims.  These cases were cited for the well-established general principle that criminal defendants have a Sixth Amendment right to counsel which extends to the plea-bargaining process and for their application of the *Strickland* standard.

As to Ground Two, the Magistrate Judge also correctly applied the standard articulated in *Harrington v. Richter*, 562 U.S. 86 (2011), in concluding that Petitioner failed to rebut the presumption that the state court adjudicated his federal claims on the merits.  The citation to the more recent case of *Johnson v. Williams*, 133 S. Ct. 1088 (2013), in which the Supreme Court adhered to the rebuttable presumption articulated in *Richter* and rejected a claim that this presumption is irrebuttable, was not error.  No new rules of law were applied that were not already clearly established at the time of the relevant state court decision.  The Magistrate Judge correctly determined that the state court's rejection of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law.

Having considered the Report and Recommendation and Petitioner's objections, the Court has determined that the objections are due to be overruled, and the Report and Recommendation will be adopted.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. The amended petition for writ of habeas corpus (doc. 14), challenging the judgment of conviction and sentence in *State of Florida v. Larry Colston*, Escambia County, Florida Circuit Court Case Number 06-1172, is **DENIED**.

3. A certificate of appealability is **DENIED.**

4. The Clerk is directed to close the file.

**DONE and ORDERED this 10th day of August, 2015.**

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**